UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

UNITED STATES OF AMERICA )
) No. 4:11-cr-26
v. )
) *Mattice / Lee*
DONALD W. HENRY, SR. )

**REPORT AND RECOMMENDATION**

Defendant Donald W. Henry, Sr. filed a motion to suppress all evidence seized as a result of the execution of a search warrant issued by United States Magistrate Judge William B. Carter [Doc. 24].[1] Defendant argues his Fourth Amendment rights were violated because there was insufficient probable cause for issuance of the warrant for the search of his home. For the reasons stated herein, I **RECOMMEND** that Defendant's motion to suppress be **DENIED**.

**I.  BACKGROUND**

Defendant contends the search warrant application, specifically the supporting affidavit of Detective Chad Johnson ("Affidavit"), does not satisfy the probable cause requirement because the veracity and reliability of the confidential informant ("CI") was not established in the Affidavit, no date was given as to when the CI obtained the information relayed to Detective Johnson, the information provided by the CI and outlined in the Affidavit was stale, and the CI's information was not independently corroborated [Doc. 25 at PageID#: 54-56].

As relevant to the instant motion, the "four corners" of the Affidavit set forth the following

---

[1] Defendant's motion to suppress was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)[Doc. 26]. The Government opposes the motion [Doc. 29].

pertinent information:

1. In June, 2010 affiant was contacted by a Confidential Informant (CI) regarding marijuana being manufacturing by Larry Henry and Donald Henry, Sr., also known as "Dibber." The aforementioned CI has provided your affiant with reliable and credible information that has led to the arrest and conviction of individuals that were engaged in criminal activity, specifically drug distribution activity. These convictions took place in United States District Court in Chattanooga, Tennessee. The CI has informed affiant that marijuana plants were growing inside of the residence of Donald Henry, Sr., which is located at 438 Sweetwater Road in Whitwell, Tennessee. The CI learned this information because Larry Henry had told the CI that Larry, and his brother Donald, were growing marijuana in Donald's house.

2. On June 9, 2010 your affiant used computerized databases and determined that Donald Henry, Sr.'s address is 438 Sweetwater Road, Whitwell, Tennessee. The CI confirmed this location.

3. On June 11, 2010, TBI Special Agent Mark Delaney, acting in an undercover capacity, contacted Larry Henry via telephone regarding marijuana manufacturing and oxycodone distribution. During the phone conversation S/A Delaney arranged to pay $450.00 as a down payment on a firearm. During the phone call Larry Henry also told S/A Delaney that he (Larry Henry) had a $12,000 hydroponic marijuana grow operation set up with 60 plants growing in it. At that time, Larry Henry did not inform Delaney as to the location of the grow site. Larry Henry also explained to S/A Delaney that he has multiple varieties of marijuana plants and that he (Larry Henry) ordered the seeds from Amsterdam.

4. On June 15, 2010, Agent Delaney spoke with Larry Henry regarding the sale to Henry of oxycodone tablets and the purchase from Henry of a firearm. During this phone conversation Delaney asked Larry Henry whether he (Delaney) could see "the grow." Affiant is aware that a "grow" is slang for a marijuana growing operation. In response to Delaney's request, Larry Henry stated that "it" (the grow) was "at [his] brothers." Larry stated that he was planning on moving the marijuana plants "tonight." Larry

2

> stated to Delaney that the brother lived in close proximity to him (Larry). Affiant is aware that Larry Henry currently resides with his mother, and that residence is approximately two houses from Donald Henry, Sr.'s residence.
>
> 5. In a recorded conversation, Affiant is aware that Larry Henry stated that he and his brother had grown marijuana in the past together. Larry stated that the "helicopters" got it. Affiant has investigated the eradication effort and has learned that a marijuana patch was seized and destroyed on property belonging to Larry Henry, Sr. (not the same property as the property for which the search is being sought through this warrant). Additionally, approximately two years ago affiant purchased marijuana from an individual in a business belonging to Donald Henry, Sr. The purchases were using a CI (not the same CI as referenced in this affidavit) and the purchases were not from Donald Henry, Sr.

[Doc. 32 at PageID#: 81-83] (the Affidavit quoted above is reproduced as it appeared in the original document). The Affidavit was signed before Magistrate Judge Carter on June 15, 2010.[2]

## II. ANALYSIS

The Fourth Amendment states, *inter alia*, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. A defendant bears the burden of proof to show that a search performed pursuant to a warrant is unconstitutional. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003).[3]

### A. Probable Cause

In deciding whether the warrant application contained sufficient facts to support a reasonable

---

[2] The warrant issued by Magistrate Judge Carter was not filed by either party, however, the warrant application and Affidavit were filed [Doc. 32].

[3] Defendant does not make any argument seeking a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and there is nothing in Defendant's motion suggesting that information in the Affidavit was false. As such, it is not necessary to conduct a *Franks* hearing or analysis.

3

belief in probable cause, a court considers the facts set forth in the affidavit and the facts presented during the search warrant proceeding to the issuing judge. *United States v. Frazier*, 423 F.3d 526, 535-36 (6th Cir. 2005). As there is no suggestion that any facts outside of the affidavit were presented to the Magistrate Judge Carter in this case, the Court must make a determination of probable cause by evaluating the information contained within the four corners of the Affidavit supporting the warrant. *See, e.g.*, *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."); *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (In reviewing the sufficiency of the evidence supporting probable cause, the court is "limited to examining the information contained in the four corners of the affidavit" in light of "the totality of the circumstances.").

In making such an evaluation, great deference is accorded to the issuing magistrates's determination of probable cause. *See, e.g.*, *United States v. Calloway*, 116 F.3d 1129, 1132 (6th Cir. 1997) (determination of probable cause should not be reversed absent clear error). "[T]he task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton,* 466 U.S. 727, 728 (1984). An affidavit supporting the issuance of a search warrant should be reviewed in a commonsense, rather than hypertechnical, manner to determine probable cause. *United States v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). Probable cause to conduct a search exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Information regarding illegal activity which comes to the attention of law enforcement through a confidential informant can serve as the basis for probable cause, as long as the reliability

of the confidential source is established as part of the totality of the circumstances. *United States v. Jones*, 159 F.3d 969, 974 (6th Cir. 1998). Two factors are critical to the determination that a confidential informant's tip provides a substantial basis for finding probable cause: (1) an explicit and detailed first-hand description of the wrongdoing and (2) corroboration of the tip by independent investigation. *United States v. Sonagere,* 30 F.3d 51, 53 (6th Cir. 1994). In determining the reliability of informant information, the issuing magistrate, and this Court, "must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances." *United States v. Helton,* 314 F.3d 812, 819 (6th Cir. 2003) (citing *Gates,* 462 U.S. at 238). An affidavit "must state facts supporting an independent judicial determination that the informant is reliable," but the facts need not be stated in any particular form. *United States v. McCraven,* 401 F.3d 693, 697 (6th Cir. 2005). Independent corroboration of the informant's information is not required when the issuing magistrate is provided with assurances that the informant is reliable, such as a prior record of providing reliable information. *See*, *e.g., United States v. Allen,* 211 F.3d 970, 976 (6th Cir. 2000) (en banc); *Helton,* 314 F.3d at 820.

In this case, the Affidavit's introduction recites the qualifications and experience of Detective Johnson. The Affidavit then recites with particularity the initial contact with the CI in June 2010 with information pertaining to marijuana plants growing at Defendant's residence, Officer Johnson's independent investigation to determine Defendant's residence, subsequent conversations between TBI Special Agent Mark Delaney (working undercover) and Larry Henry, Defendant's brother and the co-defendant in this case, about the marijuana growing operation at Defendant's residence, and past information tending to indicate a connection between the Henrys and a prior marijuana growing operation.

Defendant asserts three arguments with respect to the lack of probable cause. First,

5

Defendant argues the statement that the CI had provided reliable and credible information in the past is not enough to establish veracity and reliability [Doc. 25 at PageID#: 54]. In this circuit, however, such a statement is indeed sufficient. *See United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001) ("Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.").

Second, Defendant argues that the lack of a specific date on which the CI received the information from Larry Henry is problematic and that the information was stale because it was likely "a number of weeks old" [Doc. 25 at PageID#: 54-55]. To the contrary, the Affidavit states that Detective Johnson obtained the information from the CI in "June, 2010" and it appears that all subsequent investigation, including the conversations between Agent Delaney and co-defendant Larry Henry, happened between June 9, 2010 and June 15, 2010 [Doc. 32 at PageID#: 81-82]. Even if the CI had obtained the information about the marijuana growing operation from Larry Henry weeks before this information was relayed to Detective Johnson, Agent Delaney's subsequent conversations with Larry Henry on June 11 and June 15 consisted of the exact same information Larry Henry told the CI.[4] Therefore, I **FIND** the information obtained from the CI was not stale such that it would invalidate the issuance of the warrant.

Finally, Defendant argues that Detective Johnson and Agent Delaney conducted no independent investigation to determine the veracity of the CI's statements. The Government asserts that corroboration of a CI's statements is not necessary when the CI is known to the officer and known to be reliable, as noted above in *Allen* and *Helton* [Doc. 29 at PageID#: 66]. Nonetheless,

---

[4] Indeed, as argued by the government, probable cause would exist even without the CI's statements by virtue of Agent Delaney's conversations with Larry Henry, which set out the same information in greater detail [Doc. 29 at PageID#: 66-67].

Agent Delaney's conversations with co-Defendant Larry Henry provided corroboration (and, indeed, an echo) of the statements made by Larry Henry to the CI concerning a marijuana growing operation at Defendant's residence. In fact, there was little else Detective Johnson could do to independently investigate this information further, short of obtaining a search warrant for Defendant's residence.

Reviewing the Affidavit in a commonsense manner, with the required deference, under the totality of the circumstances, I **FIND** the Affidavit provides a substantial basis for Magistrate Judge Carter to have reasonably believed a search of Defendant's residence would uncover evidence of wrongdoing. A reasonable reading of the Affidavit shows a reliable CI, with a proven track record of providing fruitful information about drug distribution activity, reported knowledge of marijuana plants growing in Defendant's residence because of information the CI received from Larry Henry—namely, that he (Larry) and Defendant were growing marijuana in Defendant's house. This information was then corroborated by conversations between Agent Delaney and Larry Henry, Defendant's brother, in which Larry Henry told Agent Delaney that he had a marijuana growing operation with 60 plants; the "grow" was at his brother's house; and he was planning to move the marijuana plants shortly. In another recorded conversation referenced in the Affidavit, Larry Henry stated he and his brother had grown marijuana together in the past, and Detective Johnson recounted at least one incident potentially implicating the Henrys in a past marijuana growing operation.

The Affidavit most certainly established probable cause for issuance of the warrant based upon a fair probability that contraband or evidence of a crime would be found at Defendant's residence. Thus, I **FIND** the Affidavit provided probable cause for issuance of the search warrant.

**B.     Good Faith Reliance**

The government contends, alternatively, that even if the warrant application lacked probable

7

cause as argued by Defendant, the officers executing the search relied in good faith upon the warrant so the evidence should not be excluded [Doc. 29 at PageID#: 70-71]. As reported above, I **FIND** the Affidavit contained probable cause for the issuance of the warrant. Even if my finding was to the contrary, however, Defendant would not prevail because it would be reasonable for a well-trained officer to rely on the warrant in good faith.

The Supreme Court has identified an exception to the exclusionary rule in circumstances where an officer acts in good faith when executing a warrant he reasonably believes to be valid.[5] *United States v. Leon*, 468 U.S. 897 (1984). As the United States Court of Appeals for the Sixth Circuit recently explained:

> Because the 'sole purpose' of the exclusionary rule 'is to deter future Fourth Amendment violations," *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419, 2426 (2011), a criminal defendant seeking to suppress the fruits of a search must do more than demonstrate that the police violated the Fourth Amendment. He must show that suppressing the evidence will yield "[r]eal deterrent value." *Id.* at 2427. That burden is especially relevant when officers follow the constitutionally preferred route, namely presenting evidence of illegal activity to a neutral magistrate who finds probable cause and issues a search warrant. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). To suppress the fruits of such a search, a defendant must show that,

---

[5] The Court in *Leon*, enumerates four situations in which an officer's reliance on a search warrant could not be presumed reasonable:

> (1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and, (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid.

468 U.S. at 914-23. None of the enumerated situations apply in this case.

8

> despite the magistrate's authorization, the police could not have relied on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897, 922 (1984). One way to do this is to demonstrate that the information presented in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923.

*United States v. Justice*, No. 10-3749, 2012 WL 360814, at *2 (6th Cir. Feb. 3, 2012) (reversing district court because officers who executed search warrant could have relied in good faith on magistrate's finding of probable cause). Even if the warrant was not supported by probable cause (contrary to my finding in this case), it was nonetheless objectively reasonable for the searching officers to rely on the warrant and I **CONCLUDE** suppression of the evidence would serve no purpose in deterring officers from future violations.

    **C.**    **Issuance of the Warrant to Detective Johnson**

Defendant additionally argues the warrant is void because it could only have been issued to a federal law enforcement officer or an attorney for the government, and Detective Johnson, as an officer with the Marion County Sheriff's Department, does not qualify as a federal law enforcement officer [Doc. 25 at PageID#: 55]. The government asserts in response that Detective Johnson is assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives Task Force, which satisfies the requirements of Federal Rule of Criminal Procedure 41(a) [Doc. 29 at PageID#: 69].

The Affidavit states:

> Currently I am a Detective with the Marion County Sheriffs' Department and have been so since February of 2005. I am also currently assigned to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Task Force in the Chattanooga, Tennessee, Field Office and have been so since September of 2007.

[Doc. 32 at PageID#: 78]. Rule 41(a) defines "federal law enforcement officer" as "a government agent (other than an attorney for the government) who is engaged in enforcing the criminal laws and

9

is within any category of officers authorized by the Attorney General to request a search warrant." Fed. R. Crim. P. 41(a)(C). The government points out that Officer Johnson received an ATF badge and was sworn in by a United States Magistrate Judge and the United States Marshals Service [Doc. 29 at PageID#: 69]. By virtue of Officer Johnson's undisputed work with and assignment to the ATF, I **FIND** Officer Johnson qualified as a "federal law enforcement officer" and **CONCLUDE** he could properly obtain the warrant in question.

### D. Defendant's Statements

At the end of his motion, Defendant makes a broad assertion that all evidence seized in conjunction with the search warrant should be suppressed, including statements made by Defendant during or after the execution of the search warrant [Doc. 25 at PageID#: 56]. Defendant appears to be making a "fruit of the poisonous tree" argument by claiming the invalidity of the search warrant taints all evidence flowing from its execution. Because I **FIND** the Affidavit contained sufficient information to support a finding of probable cause for the issuance of the search warrant and the resulting search, and because Defendant makes no other argument for suppression of his statements, it is not necessary to further address Defendant's assertion that his statements should be suppressed.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[6] that Defendant's motion to suppress [Doc. 24] be **DENIED**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are "frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).